UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHERYL BONITA SMITH,

    Plaintiff,

vs.                                                                                  CASE NO. 3:10-cv-934-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]
_____

## ORDER AND OPINION

    This case is before the Court on Plaintiff's complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated July 18, 2012 (Doc. 15). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **REVERSED** and the case is **REMANDED** for additional proceedings.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Procedural History

Plaintiff filed applications for a period of disability and disability insurance benefits, alleging disability beginning January 31, 2005. Plaintiff's applications were denied initially and upon reconsideration (Tr. 51-56, 59-61). Plaintiff requested an administrative hearing, which was held on January 26, 2007 and August 9, 2007 (Tr. 1356-1424). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on May 30, 2008 (Tr. 19-27). Plaintiff filed a request for review, which was denied by the Appeals Council on August 23, 2010 (Tr. 7-10). Plaintiff filed the instant action on October 12, 2010 (Doc. 1). On the motion of the Commissioner, this Court remanded the case pursuant to sentence six of 42 U.S.C. § 405(g) on December 17, 2010 (Doc. 7). On December 22, 2010, the Appeals Council remanded the case to the ALJ for reconsideration (Tr. 1443-46). An administrative hearing was held on December 1, 2011 (Tr. 1741-85). The ALJ issued an unfavorable decision on January 6, 2012 (Tr. 1425-38). The Commissioner moved to re-open the case and filed an Answer to the Complaint on July 13, 2012 (Docs. 10 & 11). On July 17, 2012, the Court granted the motion to re-open the case (Doc. 14). This matter is now ripe for review.

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R.

§ 404.1520[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  First, if a claimant is engaging in substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from performing her past relevant work, she is not disabled.  20 C.F.R. § 404.1520(f).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(g).  A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In the instant case, the ALJ found that Plaintiff last met the Social Security Act's insured status requirements on March 31, 2005 (Tr. 1430).  At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 31, 2005, the alleged onset date.  *Id.*  At step two, the ALJ found Plaintiff suffered from the following severe impairments: status post, right breast cancer followed by a mastectomy and chemotherapy, right arm pain, mild degenerative joint disease, and non-ischemic cardiomyopathy.  *Id.*  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 1432).  At

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

step four, the ALJ found Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations:

> The claimant was able to occasionally lift and carry 20 pounds, and she was able to frequently lift and carry 10 pounds. She was able to sit, stand or walk for six hours out of an eight-hour workday with normal breaks. She had to avoid climbing ropes, ladders and scaffolds. She had to avoid heights and machinery. She had to avoid hazards such as working at heights, driving and dangerous or moving machinery. She was not able to reach overhead with her right arm.

*Id.* Considering this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work as a material handler or stock clerk (Tr. 1436-37). At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including usher, ticket taker and order caller (Tr. 1437-38). Therefore, the ALJ found that Plaintiff was not under a disability at any time from January 31, 2005, the alleged onset date, through March 31, 2005, the date last insured (Tr. 1438).

**III. Standard of Review**

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments.  *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.").  It is the plaintiff's burden to provide the

relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## IV. Analysis

On appeal, Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence, because the ALJ improperly credited the opinions of the non-examining reviewing physician over those of Plaintiff's treating physicians. Upon review and consideration of the ALJ's decision and the record evidence, the Court finds the ALJ erred in evaluating the medical opinion evidence and as a result the ALJ's RFC assessment and step four and five findings are not supported by substantial evidence.

The ALJ must base his RFC assessment on "*all* of the relevant evidence in the case record." SSR 96-8p, 1996 WL 374184 at *5 (S.S.A. 1996) (emphasis added); *see also Nguyen v. Chater*, 172 F.3d 31, 34 (1st Cir. 1999) (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations). Social Security Ruling 96-8p further provides, "The adjudicator must consider all allegations of physical and mental limitations or restrictions." *Id.*

The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d at 1440. An ALJ must consider and evaluate every medical opinion received. 20 C.F.R. § 404.1527. Additionally, in assessing the medical evidence, the ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). Thus, while it is true the

determination of disability under the Social Security Act is reserved to the Commissioner, the ALJ is nevertheless required to consider and explain the weight given to opinions of medical doctors. *See McCloud v. Barnhart*, 166 Fed. Appx. 410, 419 (11th Cir. 2006)[3] (remanding where ALJ did not explain weight given to consulting psychologist's report or the reasons for discrediting his opinion).  Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. Pursuant to the regulations, the weight an ALJ must give medical opinions varies according to the relationship between the medical professional and the claimant.  20 C.F.R. § 404.1527(c); SSR 96–6p.  "The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists." *Preston v. Astrue,* No. 2:09–cv–0485–SRW, 2010 WL 2465530, at *6 (M.D.Ala. June 15, 2010).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(c)(2).  If the treating physician's opinion is not entitled to controlling weight, the case law and the Regulations require the ALJ to give substantial weight to the opinion, unless there is good cause to do otherwise. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1527(c).  The Eleventh Circuit has concluded "good cause" exists when: (1) the treating physician's

---

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). When a treating physician's opinion does not warrant controlling weight, the ALJ must weigh the opinion based on: (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; and (6) other factors which tend to support or contradict the opinion. *Sullivan v. Astrue*, No. 3:09-cv-411-J-JBT, 2010 WL 3729811, at *6 (M.D. Fla. Sept. 17, 2010); 20 C.F.R. § 404.1527(c); *see also* SSR 96-2p, 1996 WL 374188 (S.S.A. July 2, 1996) ("Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927.").

An ALJ must clearly articulate his reasons for electing to disregard the opinion of a treating physician. *Id.* at 1241. "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court cannot "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 300 Fed. Appx. 741, 743 (11th Cir. 2008) (per curiam) (citations omitted). However, when discrediting the opinion of a treating physician, the ALJ must explicitly set forth the rationale for doing so and the failure

to do so is reversible error. *Lewis,* 125 F.3d at 1440. "Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show that an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion." *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012). Furthermore, the opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir.1988); *see also Sharfarz*, 825 F.2d at 279 ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."); *Spencer ex. rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) ("[R]eports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision.").

In the instant case, two of Plaintiff's treating physicians provided opinions as to her ability to perform work-related activities. In his decision, the ALJ noted Dr. Jawed Hussain, Plaintiff's pain specialist, completed a residual functional capacity assessment on February 17, 2006 (Tr. 1435). In the RFC assessment, Dr. Hussain found Plaintiff could do no heavy lifting or pulling of more than five pounds (Tr. 776). The ALJ gave "little weight" to this assessment because "it appears that the claimant completed the questionnaire, and Dr. Hussain then signed it," and "there is no indication that the assessment applies to the period under adjudication" (Tr. 1435).

The assessment was completed by the Plaintiff.[1]  Under section 22, titled "Do you currently have a Permanent Profile," Plaintiff indicated she was issued a permanent profile on August 17, 2004 due to chronic pain and depression that led to recommended limitations of no heavy lifting or pulling of more than five pounds (Tr. 776).  The form also contains a section to be completed by the examining physician.  In the "Note to examining Physician," the form directs the examining physician to "review the soldier's responses carefully" and "[e]nsure that you have . . . certified your opinion by signing as indicated" (Tr. 776).  In the "findings" sectioning, Dr. Hussain indicated "the following diagnoses . . . contribute to the physical limitations claimed above": chronic pain and tinel's sign, pain in wrist and back, and being prescribed medication for depression.  *Id.*  Dr. Hussain circled that he had reviewed the form and concurred with the self-assessment.  *Id.*  Dr. Hussain indicated the limitations were permanent.  *Id.*  The form is dated February 17, 2006.  *Id.*

Contrary to the ALJ's assertion, the form was not merely completed by Plaintiff and signed by Dr. Hussain.  Dr. Hussain clearly indicated he had reviewed the form, concurred in the self-assessment, and identified the diagnoses that contributed to the assessed limitations.  By concurring in the self-assessment and signing the form, Dr. Hussain adopted the limitations as stated by Plaintiff.  There is nothing inherently wrong with this procedure that would standing alone provide good cause to discount Dr. Hussain's opinion.  Further, the ALJ's statement that "there is *no indication* that the assessment applies to the period under adjudication" is not accurate (Tr. 1435) (emphasis added).  In the portion of the form completed by Plaintiff, she indicated she was given a permanent profile on August

---

[1] The assessment, titled Functional Capacity Certificate, is a form used by the U.S. Army.  Plaintiff worked as a material handler and stock clerk with the Department of Defense for over twenty years (Tr. 80, 1384).

17, 2004 that recommended she avoid heavy lifting or pulling of more than five pounds. As stated previously, Dr. Hussain concurred in the self-assessment and thus adopted the limitations as stated by Plaintiff.  Therefore, although Dr. Hussain completed the form in February of 2006, he implicitly adopted Plaintiff's statement that she had been given permanent limitations on her ability to lift and pull as of August 17, 2004.  Accordingly, the assessment does reference the period under consideration.[2]

The ALJ also discounted the opinions of Plaintiff's long-term primary care physician, Dr. Barbara Cruikshank.  In his decision, the ALJ noted Dr. Cruikshank submitted a letter on Plaintiff's behalf dated October 13, 2006 (Tr. 1435).  In the letter, Dr. Cruikshank stated Plaintiff was diagnosed with "severe incapacitating bilateral carpal tunnel syndrome" and has had "a very difficult time with any type of employment due to the inability for repetitive motion" (Tr. 993).  Dr. Cruikshank indicated Plaintiff has experienced "persistent pain with paresthesias and weakness with inability to do any repetitive motion" since hand surgery with Dr. Bremer in 2001.  *Id.*  Dr. Cruikshank stated Plaintiff developed cardiomyopathy with significant destruction in her heart and congestive heart failure after undergoing chemotherapy for breast cancer in 2003.  *Id.*  Dr. Cruikshank stated Plaintiff requests disability "for her inability to work secondary to her bilateral carpal tunnel syndrome, her cardiomyopathy and her chronic pain," as well as hearing impairment, significant degenerative joint disease and breast cancer.  *Id.*  The ALJ stated he gave "little weight" to Dr. Cruikshank's opinion because "it is inconsistent with the greater weight of the evidence" (Tr. 1435).

---

[2] It is not clear who issued the "permanent profile" to Plaintiff.  Nonetheless, the dispute is whether Dr. Hussain's assessment provides some indication that it is applies to the period under adjudication. For the reasons provided, the Court finds the ALJ was incorrect in stating there was "no indication."

On July 27, 2007, Dr. Cruikshank completed a medical source statement regarding Plaintiff's ability to do work-related activities (Tr. 1732-33). Dr. Cruikshank found Plaintiff could lift and carry a maximum of ten pounds occasionally and less than ten pounds frequently (Tr. 1732). Plaintiff could stand, walk and sit about three hours in an eight-hour day. *Id.* Plaintiff could sit fifteen minutes before changing positions, stand ten minutes for changing position, and must walk around every fifteen minutes for five minutes. *Id.* Plaintiff would need the opportunity to shift at will from sitting or standing/walking. *Id.* Plaintiff could occasionally twist, stoop and climb stairs, but never crouch or climb ladders (Tr. 1733). Plaintiff's ability to reach, finger, push/pull and handle were affected by her impairments, and she could not do repetitive motions. *Id.* Dr. Cruikshank further found Plaintiff would be absent from work more than four days per month. *Id.* In a subsequent statement, Dr. Cruikshank stated the restrictions and limitations identified related back and applied to Plaintiff's physical condition from January 1, 2005 to March 31, 2005 (Tr. 1731).

In his decision, the ALJ stated he gave "little weight" to Dr. Cruikshank's opinion "because it is inconsistent with the treatment records and the greater weight of the evidence" (Tr. 1435). The ALJ further stated, "Specifically, this opinion is inconsistent with the letter that Dr. Cruikshank wrote on the claimant's behalf on October 13, 2006. Dr. Cruikshank's opinion is also inconsistent with the fact that the claimant had no pain management treatment during the period under adjudication." *Id.*

The Courts finds the reasons given by the ALJ do not provide good cause to discredit Dr. Cruikshank's opinions. With respect to the October 2006 letter, the ALJ merely stated the opinion deserved little weight because it was inconsistent with the greater weight of the evidence. However, the ALJ failed to point to specific evidence in the record

to support his conclusion or explain what statements in the letter he found to be inconsistent. Although the ALJ used the triggering language for the "good cause" exception, his conclusions are unsubstantiated by reference to specific evidence in the record, and provide the reviewing Court with little guidance in determining whether the findings are supported by substantial evidence.[3] *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (finding the ALJ must specifically state the weight given to the evidence and why he came to that decision); *Kahle*, 845 F. Supp. 2d at 1272 ("Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show that an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion."); *Youngblood v. Astrue*, No. 3:11-cv-128-J-MCR, 2012 WL 640739, at *5 (M.D. Fla. Feb. 28, 2012) (holding ALJ must state with specificity the evidence that supports his conclusions that treating physician's opinion was inconsistent with record and more limiting than was suggested by the record); *Perez v. Comm'r of Soc. Sec.*, No. 6:10-cv-410-Orl-31GJK, 2011 WL 2610168, at *15 (M.D. Fla. June 13, 2011) (noting the ALJ provided "an exhaustive review of the medical record and opinion evidence" but nonetheless finding the ALJ failed to clearly articulate reasons which establish good cause to reject the opinions of plaintiff's treating physicians)*; Stroman v. Astrue*, 08-22881-CV, 2009 WL 3669640, at *3 (S.D. Fla. Nov. 4, 2009) (holding ALJ failed

---

[3] While it is incumbent upon this Court to "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision" to ascertain whether the ALJ's decision is based on substantial evidence, it is also important to refrain from re-weighing the evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). A reviewing court may not substitute its judgment for that of the Commissioner's to provide an adequate explanation where none has been provided. *See, e.g., Davis v. Comm'r of Soc. Sec.*, 449 Fed. Appx. 828, 833 (11th Cir. 2011) (per curiam).

13

to clearly articulate the reasons for rejecting treating physician's opinion when ALJ noted "opinion was contrary to other medical evidence, but did not specify what that evidence was," and noted "opinion was inconsistent with her treatment notes but did not specify how that was the case"); *Paltan v. Comm'r of Soc. Sec.,* No. 6:07CV932-ORL-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."); *Poplardo v. Astrue,* 3:06-CV-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ found opinion was inconsistent with other evidence of record and unsupported by medical evidence but failed to substantiate findings by reference to specific evidence).

With respect to the July 2007 assessment, the ALJ stated the opinion was inconsistent with Dr. Cruikshank's October 2006 letter, but fails to explain how the two statements are inconsistent (Tr. 1435). In both statements, Dr. Cruikshank indicated Plaintiff's impairments limited her ability to perform work functions and she was incapable of repetitive motion. The July 2007 assessment is certainly more detailed than the October 2006 letter in its description of Plaintiff's limitations, but the Court finds no apparent inconsistency between the two statements. Further, the Court questions how Plaintiff's lack of pain management treatment during a two-month period is inconsistent with Dr. Cruikshank's opinion. The Court does not find this fact, standing alone, to constitute good cause to discredit Dr. Cruikshank's opinion.[4]

---

[4] The Court notes, between January 31, 2005 and March 31, 2005, Plaintiff participated in physical therapy after undergoing necrotic latissimus dorsiflap surgery in
(continued...)

Without providing explicit and adequate reasons supported by good cause for discounting the opinions of Dr. Hussain and Dr. Cruikshank, the ALJ cannot rely on the opinion of Dr. Puestow, as he is a non-examining physician. *See Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (stating that an opinion of a non-examining physician "is entitled to little weight if it is contrary to the opinion of the claimant's treating physician") (citing *Spencer*, 765 F.2d at 1094).

Accordingly, the Court finds the ALJ failed to properly evaluate the medical opinion evidence, and as such, the ALJ's decision is not supported by substantial evidence. As it is impossible for the Court to tell if the ALJ properly considered and weighed all the evidence in the record, this case must be remanded.[5] *See Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011) (internal citations and quotations omitted) ("Although the ALJ is not required to specifically refer to every piece of evidence in the record, he is required to explain the weight he afforded to obviously probative exhibits."); *Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported

---

[4](...continued)
December 2004. Additionally, Plaintiff testified she was taking pain medications during that time period (Tr. 1767).

[5] Plaintiff urges the Court to reverse the ALJ's decision and remand for an award of benefits. However, the Court finds a remand for further proceedings is the appropriate remedy in the instant case. Although there is authority for the rule that a treating physician's opinion be taken as true if the ALJ ignored or failed to properly refute it, *see MacGregor*, 786 F.2d at 1053, the Eleventh Circuit has recently receded from that rule. *See Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011) (per curiam); *Dempsey v. Comm'r of Soc. Sec.*, 454 Fed. Appx. 729, 732 n.5 (11th Cir. 2011) (per curiam).

the ALJ's conclusions). In making this determination, the Court has declined, as it must, to re-weigh the evidence in search of support for the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d at 1239; *see also Winschel*, 631 F.3d at 1179 ("[W]hen the ALJ fails to state with at least some measure of clarity the grounds for his decision, [the court] will decline to affirm simply because some rationale might have supported the ALJ's conclusion." (internal quotations omitted)).

On remand, the ALJ shall reconsider the opinion evidence, including Plaintiff's treating physicians, taking care to specify the weight accorded to the opinions and to clearly articulate his reasons should he find their opinions are entitled to less than controlling weight. Further, the ALJ should identify specific evidence that supports his reasons for accepting or rejecting their opinions. Upon reconsideration of all medical opinions found in the record, the ALJ shall reassess Plaintiff's residual functional capacity.

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[6]

---

[6] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security
(continued...)

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of June, 2013.

_____
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record

---

$^6$(...continued)
Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the date the Commissioner issues a "Notice of Award" letter to the Plaintiff/claimant to award disability benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.